# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BARBARA L. HARRIS,    )
           )
    Plaintiff,    )
           )
v.           )    Case No.  CIV-12-856-F
           )
CAROLYN W. COLVIN,[1]    )
Commissioner, Social Security    )
Administration,    )
           )
    Defendant.    )

## REPORT AND RECOMMENDATION

Barbara Harris ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental income payments under the Social Security Act.  United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge.  Upon review of the pleadings, the administrative record ("AR"), and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1]    Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

## I.    Administrative proceedings.

In support of her applications for benefits, Plaintiff alleged that her impairments became disabling in September 2006. AR 151-57. Plaintiff's claims were denied and, at her request, an Administrative Law Judge ("ALJ") conducted a hearing. In her March 2011 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 18. The Appeals Council of the Social Security Administration declined Plaintiff's request for review. *Id.* at 1-6. Plaintiff, through counsel, has sought review of the Commissioner's final decision in this Court. Doc. 1.

## II.   The ALJ's findings.

The ALJ found that Plaintiff meets the insured status requirements through December 2008, has not engaged in substantial gainful activity since September 2006, and has severe "chronic low back pain, chronic tendinitis/bursitis of the left shoulder, hypertension, obesity, diabetes, and status post hernia repair." AR 13. The ALJ also found that Plaintiff has the residual functional capacity ("RFC")[2] for light work with only occasional stooping and can perform work existing in the national economy as a small products

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

assembler (DICOT[3] 706.684-022) or fast food worker (DICOT 311.472-010). *Id.* at 15-18.

## III. Standard of review.

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

---

[3] "DICOT" is the name of the on-line database on Westlaw that contains all of the job descriptions that are found in the fourth edition of the Dictionary of Occupational Titles.

(describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite her impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden and must show an inability to return to past relevant work. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990). If she succeeds, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

While Plaintiff presents several claims of error on judicial review, the undersigned recommends remand because the ALJ did not properly explain her failure to include any manipulative limitations in the RFC related to Plaintiff's severe chronic tendinitis/bursitis and decreased range of motion in her left shoulder. Accordingly, the undersigned will not address Plaintiff's remaining

claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Analysis.

As noted above, the ALJ determined that Plaintiff's chronic tendinitis/bursitis of the left shoulder is a severe impairment but that she nevertheless has the RFC to perform light work with occasional stooping. But Dr. James Metcalf, a consulting physician, found that Plaintiff's chronic tendinitis/bursitis resulted in "limited range of motion of the left shoulder." AR 337-38; *see also id.* at 341. The ALJ acknowledged this evidence, *see id.* at 14, but failed to include any related limitations – specifically limitations relating to reaching – in the RFC.

"An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ specifically found that Dr. Metcalf's findings were "consisten[t] with the medical evidence of record," AR 14,[4] and therefore should have explained why she implicitly rejected the limited range of motion in Plaintiff's left shoulder when

---

[4]    The ALJ did not explain her seemingly inconsistent findings that Dr. Metcalf's opinion was consistent with the medical evidence but entitled to "some" – rather than great – weight.  AR 14.

assessing the RFC.  *See id.*; *see also Borgsmiller v. Astrue*, 499 F. App'x 812, 820 (10th Cir. 2012) (reversing the Commissioner's denial of benefits where the ALJ acknowledged evidence that severe impairment caused limitations but failed to include those limitations in the RFC assessment).  The error is particularly significant here because the jobs of small products assembler and fast food worker both require frequent reaching.  *See* DICOT 706.684-022 (small products assembler); DICOT 311.472-010 (fast food worker).

The Commissioner offers her opinion as to why the ALJ might have chosen not to include any reaching limitations in Plaintiff's RFC.  Doc. 18, at 14-15.  But these are not theories the ALJ relied upon and "[a]ffirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."  *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see also Hambry v. Astrue*, 260 F. App'x 108, 112 (10th Cir. 2008) (reversing the district court's affirmance of the Commissioner's denial of benefits where the ALJ failed to consider the consequences of the severe impairments on the claimant's RFC and "[o]n judicial review, the magistrate judge attempted to fill in the evidentiary analysis, [and] post-hoc rationalizations are insufficient.").  Moreover, the Commissioner's arguments are unpersuasive.

For example, the Commissioner first argues that none of the "treating

records" indicate any abnormal findings related to Plaintiff's left shoulder and that the ALJ found Plaintiff's own statements concerning her impairments to be less than credible. Doc. 18, at 14-15. But the ALJ clearly relied on some of those statements and on Dr. Metcalf's diagnosis because she found that Plaintiff's chronic tendinitis/bursitis of the left shoulder is severe. AR 13. By definition then the ALJ found that Plaintiff's chronic tendinitis/bursitis "significantly limits [her] ability to perform basic work activities." AR 12; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c) (defining "severe"). That finding is inconsistent with the Commissioner's suggestion that there is no evidence to support a left shoulder impairment. Doc. 18, at 14-15.

The Commissioner also claims that the ALJ adopted the "opinion" of the state agency expert who "assessed no reaching limitations after reviewing the record evidence." *Id.* at 15. But that expert did not express an opinion or give any commentary as to his findings; instead, he checked boxes. AR 344-51. "Such evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (finding error in the ALJ's apparent reliance on a non-examining physician's evaluation form in assessing the claimant's RFC because such a document "is insufficient to constitute substantial evidence when it

stands alone and unaccompanied by thorough written reports or testimony").

In sum, the ALJ may have had legitimate reasons for rejecting reaching limitations in Plaintiff's RFC but her failure to provide an explanation makes it impossible to determine whether appropriate legal principles were followed. Accordingly, the undersigned recommends reversal and remand for further proceedings. *See Weigel v. Astrue*, 425 F. App'x 706, 710 (10th Cir. 2011) (finding error in the ALJ's failure to relate the RFC findings to the severe impairments and holding: "Because we cannot meaningfully review the ALJ's decision and because we do not weigh the evidence, we remand . . . to the Commissioner to consider and discuss the relevant evidence, to provide reasons for accepting or rejecting the evidence, and to apply correct legal standards.").

## VII. Recommendation and notice of right to object.

For the reasons discussed above, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by the 8th day of August, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v.*

*United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 18th day of July, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE